IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| **JOSEPH FAILLA,** | **COMPLAINT** |
| **Plaintiff,** | **Docket No.** |
| v. | **PLAINTIFF DEMANDS A TRIAL BY JURY** |
| **GEORGE'S FOODS, LLC, GEORGE'S FAMILY FARMS, LLC, and TRACY L. BROWN,** | |
| **Defendants.** | |

---

Plaintiff, Joseph Failla, by his attorneys, Morelli Law Firm, PLLC, respectfully alleges as follows:

## NATURE OF THE CASE

1. This is a civil action for personal injuries suffered by plaintiff, Joseph Failla, against defendants, George's Foods, LLC, George's Family Farms, LLC, and Tracy L. Brown.

2. This action arises out of a motor vehicle accident that occurred at approximately 4:00AM on January 15, 2020.

**3.** At the time of the accident, Plaintiff Joseph Failla was lawfully on the roadway performing traffic safety/construction work as part of his employment duties when he was struck by a truck driven by Mr. Brown, while in the course of his employment, and owned by Defendants George's Family Farms, LLC and George's Foods, LLC. As a result, Mr. Failla sustained severe and permanent injuries including, but not limited to a traumatic brain injury, skull fracture, sternal and rib fractures and internal injuries that required surgery. The Defendants' negligence was a substantial contributing factor in causing Plaintiff's injuries.

## PARTIES

4. Plaintiff, Joseph Failla, at the time of the occurrence and at all times relevant herein was a resident of Bergen County, State of New Jersey.

5. Defendant, George's Foods, LLC, is a Virginia company with its principal place of business located in Edinburg, Virginia.

6. Defendant, George's Family Farms, LLC, is a Virginia company with its principal place of business located in Edinburg, Virginia.

7. Defendant, Tracy L. Brown, at the time of the occurrence and at all times relevant herein was a resident of Woodstock, Virginia.

## VENUE AND JURISDICTION

8. The Court has original jurisdiction over this action under 28 U.S.C. §1332, in that the amount of controversy exceeds seventy-five thousand ($75,000) dollars and plaintiff is a citizen of a state which is different from the state where defendants are residents, incorporated, and/or have their principal places of business.

9. Venue is proper in this district because the accident occurred in Alpha, New Jersey, in the County of Warren, which falls within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

10. On January 15, 2020, defendant, Tracy L. Brown, was operating a tractor trailer owned by defendant, George's Family Farms, LLC.

11. On January 15, 2020, defendant, Tracy L. Brown, was operating a tractor trailer owned by defendant, George's Foods, LLC.

12. On January 15, 2020, defendant, Tracy L. Brown, was an employee of defendant, George's Family Farms, LLC.

13. On January 15, 2020, defendant, Tracy L. Brown, was an employee of defendant, George's Foods, LLC.

14. On January 15, 2020, defendant, Tracy L. Brown, was operating the tractor trailer in the scope of his employment.

15. At the time of the accident, Defendant, Tracy L. Brown, was operating the tractor trailer on Interstate 78 eastbound, in the Alpha borough of Warren County, NJ.

16. While Mr. Brown was operating the tractor trailer traveling eastbound on Interstate 78, he failed to see and observe temporary construction and road work signs displayed in multiple locations along the roadway.

17. While Mr. Brown was operating the tractor trailer traveling eastbound on Interstate 78, he failed to see and observe Plaintiff who was lawfully on or around the side of the roadway performing traffic safety/construction work within the scope of his employment.

18. As a result of his failure to see the aforementioned signs, failure to slow or stop his vehicle or otherwise evade Plaintiff, Defendant Tracy L. Brown caused Plaintiff to be struck and suffer severe and permanent personal injuries.

19. Plaintiff was removed from the scene of the accident and transported to the hospital.

## FIRST COUNT – NEGLIGENCE
### (Defendant Tracy Brown)

20. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

21. On January 15, 2020, Plaintiff Joseph Failla, was lawfully performing his traffic safety/construction work duties along the roadway on Interstate 78 eastbound, in the Alpha borough of Warren County, NJ.

22. On January 15, 2020, defendant, Tracy L. Brown was an employee of George's Family Farms, LLC, and was operating his truck in the regular course of his employment.

23. On January 15, 2020, defendant, Tracy L. Brown was an employee of George's Foods, LLC, and was operating his truck in the regular course of his employment.

24. On January 15, 2020, the Defendants' truck was involved in a motor vehicle collision, striking pedestrian Joseph Failla, on Interstate 78 eastbound in Warren County, NJ.

25. Defendant Brown, the truck driver, had a duty to operate the truck in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation and maintenance of commercial motor vehicles.

26. Defendant Brown breached those duties and was therefore negligent in one or more of, but not limited to, the following ways;

   a. failing to keep a proper lookout;

   b. driving carelessly

   c. driving the truck while distracted;

   d. driving the truck while fatigued;

   e. exceeding hours of service limitations in violation of 49 CFR 395.1(g)

   f. failing to maintain control of the truck;

   g. failing to take appropriate evasive action;

   h. failing to properly inspect the truck in violation of 49 CFR 396.11;

   i. failing to maintain the truck in proper repair in violation of 49 CFR 396.1; and/or,

   j. crashing into Plaintiff's vehicle or Plaintiff's company's vehicle and causing Plaintiff to suffer injuries

27. As a direct and proximate result of the Defendant Brown's careless and negligent conduct, the aforementioned accident occurred and Mr. Failla was caused to sustain severe and permanent personal injuries including, but not limited to, a traumatic brain injury, skull fracture, subarachnoid hemorrhage, subdural hematoma, multiple sternal and rib fractures, causing him great pain and suffering, incapacitating him from pursuing his usual employment and other activities, and have left him with disabilities that will in the future similarly incapacitate him, and require future medical treatment.

## SECOND COUNT – NEGLIGENCE
(**Defendants George's Foods, LLC**)

28. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

29. Defendant George's Foods, LLC had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles.

30. Defendant George's Foods, LLC breached these duties and were therefore negligent in one or more of, but not limited to, the following ways:

   a. Failing to verify and ensure that Defendant Brown operated the Truck in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles;

   b. Failing to properly train and instruct Defendant Brown and its drivers on defensive driving, safe driving, proper following distance and proper lookout;

   c. Failing to properly supervise Defendant Brown and identify dangerous routes and driving behavior that could have been corrected to avoid this crash;

  d. Knowingly failing to promote and enforce systems and procedures for the safe operation of motor vehicles and, thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff;

  e. failing to properly inspect the Truck in violation of 49 CFR 396.11; and/or

  f. failing to maintain the Truck in proper repair in violation of 49 CFR 396.1.

31. Defendant's negligent conduct also violated laws intended to protect and prevent crashes with drivers like the Plaintiff.

32. Because Defendant Brown caused this accident while in the course of his employment, Defendant George's Food's, LLC is vicariously liable.

33. Defendant's negligence directly and proximately caused the Plaintiff's Damages.

## THIRD COUNT – NEGLIGENCE
(**George's Family Farms, LLC**)

34. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

35. Defendant George's Family Farms, LLC had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles.

36. Defendant George's Family Farms, LLC breached these duties and were therefore negligent in one or more of, but not limited to, the following ways:

  g. Failing to verify and ensure that Defendant Brown operated the Truck in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles;

    h.  Failing to properly train and instruct Defendant Brown and its drivers on defensive driving, safe driving, proper following distance and proper lookout;

    i.  Failing to properly supervise Defendant Brown and identify dangerous routes and driving behavior that could have been corrected to avoid this crash;

    j.  Knowingly failing to promote and enforce systems and procedures for the safe operation of motor vehicles and, thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff;

    k.  failing to properly inspect the Truck in violation of 49 CFR 396.11; and/or

    l.  failing to maintain the Truck in proper repair in violation of 49 CFR 396.1.

37. Defendant's negligent conduct also violated laws intended to protect and prevent crashes with drivers like the Plaintiff.

38. Because Defendant Brown caused this accident while in the course of his employment, Defendant George's Family Farms, LLC is vicariously liable.

39. Defendant's negligence directly and proximately caused the Plaintiff's Damages.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands upon defendants:

    a.    actual, compensatory, and statutory damages;

    b.    punitive damages as allowed by law;

    c.    pre and post-judgment interest as allowed by law;

      d.      an award of attorneys' fees as allowed by law;

      e.      an award of taxable costs; and

      f.      any and all such further relief as this Court deems just and proper.

Dated: New York, New York
       June 10 , 2020

**MORELLI LAW FIRM PLLC**
Attorneys for Plaintiff

_____

David T. Sirotkin
D.N.J. Bar ID: DS4863
dsirotkin@morellilaw.com

Benedict P. Morelli
N.Y. Bar. No.:1060441
bmorelli@morellilaw.com

Alexander Morelli
N.Y. Bar. No.:
armorelli@morellilaw.com

8