## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| | : |
| JOSEPH FAILLA | : Civil Action No. 3:20-cv-07109-BRM-TJB |
| | : |
| Plaintiff(s) | :     Hon. Brian R. Martinotti,   U.S.D.J. |
| | : |
| | : |
| v. | :   **JOINT PROPOSED DISCOVERY PLAN**[1] |
| | : |
| | : |
| GEORGE'S FOODS, LLC, GEORGE'S | |
| FAMILY  FARM and TRACY L BROWN | . |
| | : |
| Defendant(s) | : |
| | : |
| | : |
| | : |

1.     Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

For Plaintiff:
David T. Sirotkin
Benedict P. Morelli (*Pending Admission Pro Hac Vice*)
Alexander Morelli (*Pending Admission Pro Hac Vice*)
Morelli Law Firm
777 3rd Ave 31st Floor New York, NY10017
212-751-9800

For Defendant George's Foods, LLC., George's Family Farm and Tracy L. Brown
Mark Kundla
Paul Daly
Hardin, Kundla, McKeon & Poletto
673 Morris Ave., Springfield, NJ, 07081
973-912-5222 (phone)
973-912-9212 (fax)

2.     Set forth a brief description of the case, including the causes of action and defenses asserted.

This matter arises out of a motor vehicle accident that occurred on January 15, 2020, on Rt. 78 eastbound in/near Alpha Borough, NJ. Plaintiff was an employee

of Traffic Safety Services, LLC. He was in the process of setting up a construction zone sign, when he was allegedly hit by a truck operated by defendant Tracy Brown who was in the employment of defendant George's Food, LLC, and/or George's Family Farm. As a result of the accident, Plaintiff sustained injuries including, but not limited to a severe traumatic brain injury, skull fracture, sternal and rib fractures, and internal injuries that required surgery. Plaintiff alleges that Defendant Brown, who was operating his truck in the course of his employment for the George's Defendants, was 100% negligent in causing this accident. Defendants allege that the accident was the result of Plaintiff's negligence in parking his work vehicle in an unsafe matter and creating the hazard that led to this accident.

3.      Have settlement discussions taken place?  Yes_____No _X_____

      (a)      What was plaintiff's last demand?

            (1)     Monetary demand: $ _____
            (2)     Non-monetary demand: _____

      (b)      What was defendant's last offer?

            (1)     Monetary offer:  $ _____
            (2)     Non-monetary offer: _____

4.      The parties [have X_____have not_____] met pursuant to Fed. R. Civ. P. 26(f):

5.      The parties [have X_____have not_____] exchanged the information required by  Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.

6.      Explain any problems in connection with completing the disclosures required by Fed  R. Civ. P. 26(a)(1)

7.      The parties [have _____have not x_____] conducted discovery other than  the above disclosures.  If so, describe.

8.      Proposed joint discovery plan:

      (a)      Discovery is needed on the following subjects:

         Liability and damages

      (b)      Discovery [should_____should not X_____] be conducted in phases or be limited to particular issues.  Explain.

2

    (c)    Proposed schedule:

        (1) Fed. R. Civ. P. 26 Disclosures Completed.

        (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) Completed.

        (3) Service of initial written discovery September 1, 2020.

        (4) Maximum of 25 Interrogatories by each party to each other party.

        (5) Maximum of 10 depositions to be taken by each party.

        (6) Motions to amend or to add parties to be filed by November 1, 2020.

        (7) Vehicle inspection to be completed by December 1, 2020

        (8) Factual discovery to be completed by February 17, 2021.

        (9) Plaintiff's expert reports due on March 17, 2021.

        (10)   Defendant's expert reports due on April 17, 2021.

        (11) Expert depositions to be completed by May 17, 2021.

        (12) Dispositive motions to be served within 30 days of completion of
        discovery.

    (d)    Set forth any special discovery mechanism or procedure requested.

      The parties agree that in view of Covid19, depositions may be conducted by video teleconference.

    (e)    A pretrial conference may take place on _____.

    (f)    Trial date:_____Jury Trial; X_Non-Jury Trial).

9.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?  Yes_____NoX_. If so, please ex

10.    Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be

produced?
Yes_____No x_____.

If so, how will electronic discovery or data be disclosed or produced?  Describe
any  agreements reached by the parties regarding same, including costs of
discovery,  production, related software, licensing agreements, etc.

11.     Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R.
        5.3(b) and Appendix S. No

12.     Do you anticipate any discovery problem(s) not listed above?
        Describe. Yes No X.

13.     State whether this case is appropriate for voluntary arbitration (pursuant to Local
        Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or
        otherwise).  If not, explain why and state whether any such procedure may be
        appropriate at a later time (i.e., after exchange of pretrial disclosures, after
        completion of depositions, after disposition or dispositive motions, etc.). Yes.

14.     Is this case appropriate for bifurcation? Yes_____No  X_____

15.     An interim status/settlement conference (with clients in attendance), should be held in
        _____.

16.     We [do_____do not X_____] consent to the trial being conducted
        by a Magistrate Judge.

17.     Identify any other issues to address at the Rule 16 Scheduling Conference.

David T. Sirotkin /s
_____
 Attorney(s) for Plaintiff(s) / Date

Paul Daly /s
_____
 Attorney(s) for Defendant(s) / Date

4