UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Joseph Failla | : | Civil Action No.: |
| | : | 2:20-cv-07109-BRM-TJB |
| v. | : | FINAL PRETRIAL ORDER |
| | : | |
| George's Foods, LLC, | : | |
| George's Family Farms, | | |
| LLC, and Tracy Brown | | |

This matter having come before the Court for a pretrial conference pursuant to Fed. R. Civ. P. 16; and Morelli Law Firm, PLLC having appeared for plaintiff, and Hardin, Kundla, McKeon, & Poletto, P.A. having appeared for defendant; the following Final Pretrial Order is hereby entered:

1. **JURISDICTION**: Diversity of Citizenship under 28 U.S.C. §1332.

2. **PENDING/CONTEMPLATED MOTIONS** There are currently no pending motions. Plaintiff and Defendants intend to make motions *in limine*, as permitted by the Court, prior to trial.

3. **STIPULATION OF FACTS:**

    1. On January 15, 2020, at approximately 4:00AM, defendant, Tracy L. Brown was operating a tractor trailer owned by defendant George's Family Farms, LLC on Interstate 78 eastbound, at milepost 1.8 in the Alpha borough of Warren County, NJ.

    2. On January 15, 2020, Mr. Brown was an employee of defendant George's Family Farms, LLC.

    3. On January 15, 2020, Mr. Brown was operating a tractor trailer owned by George's Family Farms, LLC in the scope of his employment.

    4. On January 15, 2020, Plaintiff Joseph Failla was appropriately performing his work duties putting up and taking down highway work zones along the roadway on Interstate 78 eastbound, in the Alpha borough of Warren County, NJ.

    5. Just before approximately 4:00AM on January 15, 2020, Mr. Failla and his co-worker Jeffrey Stewart drove their vehicles up Interstate 78 Eastbound to take down a series of highway work zone signs.

    6. Mr. Failla was driving a pickup truck.

    7. Mr. Stewart was driving an attenuator vehicle.

    8. Mr. Failla and Mr. Stewart's vehicles were parked in the right lane on Interstate 78, with the attenuator vehicle parked behind the pickup truck.

    9. The attenuator vehicle had multiple traffic control devices on it to alert other vehicles on the road, such as a large blinking left arrow board, reflective chevrons and upper and lower amber and white strobe lights.

    10. All of these traffic control devices on the attenuator truck were engaged at the time of the accident.

    11. Mr. Brown's truck struck a sign which in turn struck Mr. Failla. Mr. Failla was removed from the scene of the accident and transported to the hospital.

    12. As a result of this accident, Mr. Failla sustained injuries including, a traumatic brain injury, skull fracture, subarachnoid hemorrhage, subdural hematoma, and multiple sternal and rib fractures.

4. **PLAINTIFF'S CONTESTED FACTS** (State separately for each plaintiff. Proofs shall be limited at trial to the matters set forth below. Failure to set forth any matter shall be deemed a waiver thereof).

    A. Plaintiff intends to prove the following contested facts with regard to liability:

        1. On the morning of January 15, 2020, Mr. Brown's vehicle's electronic data indicated that he had 98 lane departures.

        2. The weather conditions on the morning of the accident were foggy.

        3. On January 15, 2020, Plaintiff Joseph Failla was appropriately performing his work duties putting up and taking down highway work zones along the roadway on Interstate 78 eastbound, in the Alpha borough of Warren County, NJ.

        4. The attenuator vehicle was used to alert other vehicles on the road that highway safety work was ongoing.

        5. While Mr. Brown was operating the tractor trailer traveling eastbound on Interstate 78, he did not see or observe temporary construction and road work signs displayed in multiple locations along the roadway.

        6. While Mr. Brown was operating the tractor trailer traveling eastbound on Interstate 78, he did not see or observe Mr. Failla and Mr. Stewart, who were on the shoulder of the roadway taking down a highway work zone signs within the scope of their employment, prior to this subject accident occurring.

7. When Mr. Brown saw Mr. Stewart's attenuator truck, he moved into the shoulder where Mr. Failla and Mr. Stewart were working.

8. Mr. Brown's moving his vehicle to the shoulder caused Mr. Failla to be struck and suffer severe and permanent personal injuries.

9. At the time of the accident, Mr. Brown was operating his tractor trailer in a work safety zone but failed to appropriately slow his vehicle or operate his vehicle with additional caution.

10. Had Mr. Brown been operating his tractor trailer safely and appropriately, he would have been able to slow or stop his vehicle, rather than abruptly swerving to the shoulder, and would have avoided causing this accident.

11. Mr. Failla and Mr. Stewart's vehicles were appropriately and safely stopped in the right lane at the time of the accident as they were removing a temporary traffic work safety zone.

B. Plaintiff intends to prove the following contested facts with regard to damages: (This must include each item of damages, the amount of each item, the factual basis for each item and, if punitive damages are claimed, the facts upon which plaintiff will rely to establish punitive damages).

5. **DEFENDANT'S CONTESTED FACTS** (State separately for each defendant. See instructions above).

   A. Defendant intends to prove the following contested facts with regard to liability.

   Mr. Brown was operating his truck safely and reasonably at all relevant times.

   It was negligent for Mr. Failla to park his truck in the right lane as opposed to the shoulder, and negligent for him to direct Mr. Stewart to park his truck in the right lane. The safe and appropriate place to park these vehicles was on the right shoulder.

   There were no obstructions to Mr. Failla and Mr. Stewart parking their vehicles in the shoulder and leaving the right lane clear for traffic.

   By parking their vehicles in the right lane, Mr. Failla and Mr. Stewart created an illegal lane closure, which violated all applicable rules and regulations related to lane closures.

   As Mr. Brown approached mile marker 1.8, there was another truck in front of him. This truck obstructed Mr. Brown's view of the vehicles improperly parked in the right lane.

   As Mr. Brown approached mile marker 1.8, the vehicle in front of Mr. Brown moved to the left. It was at this point that Mr. Brown saw the vehicles illegally parked in the

    right lane.

    Upon seeing the right line improperly closed, Mr. Brown attempted to move to the left, but there was another vehicle in that lane, preventing Mr. Brown from moving to that lane.

    Upon realizing he could not move to his left, Mr. Brown moved to the shoulder to avoid hitting the illegally parked trucks. As he brought his truck to a stop, Mr. Brown managed to steer in between the parked vehicles and the sign stanchion that plaintiff was removing. However, the right side mirror of Mr. Brown's truck struck the sign and the sign in turn struck Mr. Failla.

    Had Mr. Failla directed that the two trucks be parked in the shoulder, this accident would not have occurred.

  B. Defendant intends to prove the following contested facts with regard to damages. (This statement must include the factual basis for each defense against plaintiff's claims for damages).

    Plaintiff had a good recovery from his injuries, as set forth in the reports of defendant's expert witnesses (below), and is able to return to employment. Further, plaintiff's future medical expenses are significantly lower than claimed, again, as set forth in defendant's expert reports.

6. **PLAINTIFF'S WITNESSES** (Aside from those called for impeachment purposes, only those witnesses whose names and addresses are listed below will be permitted to testify at trial).

  A. On liability, plaintiff intends to call the following witnesses who will testify in accordance with the following summaries:

- Plaintiff, Joseph Failla, 470 Palisade Ave., Garfield NJ 07026, Mr. Failla is a party to this action and will testify about his knowledge of the subject accident;
- Adam Grill, C.D.S., 1236 Cordova Street, Billings, MT 59101, Mr. Grill is an expert in trucking safety and will testify consistently with his expert disclosure, report and deposition testimony (see attached report);
- Joseph McHugh, 5435 Ozell Rd., Boston, GA 31626, Mr. McHugh is an expert in civil engineering with a specialty in traffic safety and will testify consistently with his expert disclosure, report and deposition testimony (see attached report);
- Jeffrey Stewart, 90 Miller St. Apt. 1, Vauxhall, NJ 07088, Mr. Stewart was Mr. Failla's co-worker and was present at the time of the subject accident. He is expected to testify about his general knowledge of the subject accident;
- Defendant, Tracy Brown, 207 Patriots Place, Woodstock, VA 22664, Mr. Brown was the driver of the truck owned by Defendant George's Foods LLC that was involved in the subject accident. Mr. Brown is expected to testify about his general knowledge of the subject accident;

- Derek Mullins, 100092 Senedo Rd., Edinburg VA 22824, Mr. Mullins is employed by Defendant George's Foods LLC and was the company's fleet safety manager at the time of the accident. Mr. Mullins is expected to testify about his general knowledge of the subject accident;
- Sam Curtis, 34 Wisse St., Lodi NJ 07644, Mr. Curtis was Mr. Failla's co-worker and was on the job at the time of the subject accident. He is expected to testify about his general knowledge of the subject accident.
- Chris Leehr, 601 Hadley Rd., South Plainfield NJ 07080, Mr. Leehr was Mr. Failla's co-worker and came to the scene after the accident. He is expected to testify about his general knowledge of the subject accident;

B. On damages, plaintiff intends to call the following witnesses who will testify in accordance with the following summaries:

- Plaintiff, Joseph Failla, 470 Palisade Ave., Garfield NJ 07026, Mr. Failla is a party to this action and will testify about his injuries that occurred as a result of the subject accident, his damages, treatment and ongoing recovery;
- Kim Failla, 58 73rd St. Brooklyn, NY 11029, Ms. Failla is Joseph Failla's sister and she will testify about her general knowledge about Mr. Failla, including but not limited to her knowledge about Mr. Failla's injuries, damages, treatment and ongoing recovery;
- Brian Flynn, 58 73rd St. Brooklyn, NY 11029, Mr. Flynn is Kim Failla's significant other, will testify about his general about Mr. Failla, including but not limited to his knowledge about Mr. Failla's injuries, damages, treatment and ongoing recovery;
- Jeffrey Stewart, 90 Miller St. Apt. 1, Vauxhall, NJ 07088, Mr. Stewart was Mr. Failla's co-worker and was present at the time of the subject accident. He is expected to testify about his general knowledge of Mr. Failla's injuries;
- Dustin Gordon, Ph.D.,18-01 Pollitt Drive, Fair Lawn, NJ 07410, Dr. Gordon is a neuropsychologist that treated Mr. Failla and will testify regarding Mr. Failla's injuries, his treatment of Mr. Failla, and in accordance with his Rule 26 disclosure and report.
- Brian Greenwald, M.D., JFK Johnson Rehabilitation Inst., 65 James St, Edison NJ 08818, Dr. Greenwald is a physical medicine and rehabilitation specialist with a specialty in brain injuries that treated Mr. Failla and will testify regarding Mr. Failla's injuries, his treatment of Mr. Failla, and in accordance with his Rule 26 disclosure and report.
- Michael Lipton, M.D., Ph.D., 1300 Morris Park Ave., Bronx, NY 10461, Dr. Lipton is a neuroradiologist and will testify regarding Mr. Failla's injuries, his evaluation of Mr. Failla's imaging records, and in accordance with his Rule 26 disclosure and report.
- Edmond Provder, M.D., The Rothman Center, 2nd floor Suite 4A, 300-3 Rt. 17 South Lodi NJ 07644, Dr. Provder is an expert in life care planning and vocational rehabilitation and he will testify consistently with his Rule 26 disclosure and expert report.
- Debra Dwyer, M.D., 17 Springbriar Lane, Centereach, NY 11720, Dr. Dwyer is an expert in economics and she will testify consistently with his Rule 26 disclosure and

  expert report
- Steven Fayer, M.D., 169 East 74th St., NY NY 10021, Dr. Fayer is an expert in psychiatry and will testify consistently with his Rule 26 disclosure and expert report.

 C. Defendant objects to the following witnesses for the reasons stated:

Defendants do not object to plaintiff's witnesses.

7. **DEFENDANT'S WITNESSES** (See instructions above).

 A. On liability, defendant intends to call the following witnesses who will testify in accordance with the following summaries:

 Defendant's fact witnesses regarding liability include all of the fact witnesses listed in plaintiff's liability witnesses. In addition, defendant intends to call the following expert witnesses with respect to liability.

Kevin Tully, is an accident reconstruction expert who will testify consistent with his reports.

Michael A. O'Dell, a Commercial Trucking Specialist with Robson Forensic, will testify consistent with his reports.

 B. On damages, defendant intends to call the following witnesses who will testify in accordance with the following summaries:

 Daniel Wolstein, Ph.D. is a vocational/rehabilitation expert who will testify consistent with his reports.

Dr. David M. Prince, MD, a neuorologist, will testify consistent with his reports.

Dr. Sudipta Roychowdury, MD, a neuroradiologist will testify consistent with his reports.

Dr. Keith Benoff, Ph.D., is a psychologist who will testify consistent with his reports.

 C. Plaintiff objects to the following witnesses for the reasons stated: Plaintiffs do not object to the qualifications of Defendants' expert witnesses, but reserve all other objections.

8. **EXPERT WITNESSES** (No opposing counsel shall be permitted to question the expert's qualifications unless the basis of an objection is set forth herein).

 A. Plaintiff's expert witnesses are:

 1. Adam Grill, C.D.S., 1236 Cordova Street, Billings, MT 59101;

2. Joseph McHugh, 5435 Ozell Rd., Boston, GA 31626;
3. Dustin Gordon, Ph.D.,18-01 Pollitt Drive, Fair Lawn, NJ 07410;
4. Brian Greenwald, M.D., JFK Johnson Rehabilitation Inst., 65 James St, Edison NJ 08818;
5. Michael Lipton, M.D., Ph.D., 1300 Morris Park Ave., Bronx, NY 10461;
6. Edmond Provder, M.D., The Rothman Center, 2nd floor Suite 4A, 300-3 Rt. 17 South Lodi NJ 07644;
7. Debra Dwyer, M.D., 17 Srpingbriar Lane, Centereach, NY 11720;
8. Steven Fayer, M.D., 169 East 74th St., NY, NY 10021.

   a. Defendant's objections to the qualifications of plaintiff's experts are:

   Defendants do not object to the qualifications of plaintiff's expert witnesses. Defendants reserve all other objections.

   b. Defendant's expert witnesses are:

9. Kevin Tully, is an accident reconstruction expert who will testify consistent with his reports.

Michael A. O'Dell, a Commercial Trucking Specialist with Robson Forensic, will testify consistent with his reports. Daniel Wolstein, Ph.D. is a vocational/rehabilitation expert who will testify consistent with his reports.

Dr. David M. Prince, MD, a neuorologist, will testify consistent with his reports.

Dr. Sudipta Roychowdury, MD, a neuroradiologist will testify consistent with his reports.

Dr. Keith Benoff, Ph.D., is a psychologist who will testify consistent with his reports.

   a. Plaintiff's objections to the qualifications of defendant's experts are: Plaintiffs do not object to the qualifications of Defendants' expert witnesses, but reserve all other objections.

10. **PLAINTIFF'S EXHIBITS** (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list attached hereto may be introduced at trial. Any objection to an exhibit, and the reason for said objection, must be set forth below or it shall be deemed waived. All parties hereby agree that it will not be necessary to bring in the custodian of any exhibit as to which no such objection is made).

      a.  Plaintiff intends to introduce into evidence the exhibits listed on the attached exhibit list (list by number with a description of each):

All medical records including but not limited to:

1. St. Luke's Hospital
2. Kessler Institute for Rehabilitation
3. NYU Outpatient Cognitive Therapy
4. Optimum Health Physical Therapy
5. Bay Ridge Family Eye Care
6. Community Skills Program
7. Dr. Lehrer
8. Dr. Vicci, Dr. Broderick
9. JFK Rehabilitation
10. Lenox Hill
11. Montefiore
12. NYU Langone Brooklyn
13. Rehabilitation Specialists
14. Dr. Homer
15. Phillipsburg Emergency Squad
16. Dr. Panagiotou
17. Photographs of the accident site
18. George's Fleet Safety Program ManualSept 2008
19. George's Fleet Safety Program Manual May 2010 revision
20. Verbal Warning about Safe Driving
21. Lane Departure Warning Spreadsheet (G80-85)
22. Drawings made by D. Mullins
23. Police Report (original – Georges 0002-0005)
24. Updated Police report
25. DOT Accident Register
26. Power Point Presentation regarding ELD System
27. Screenshot of text messages between T. Brown and D. Mullins
28. Left Lane Departures Warning (chart) (BS 80-85)
29. Email between S. Curtis and C. Leehr
30. Accident Report_VA
31. Accident Report _Brown
32. CDL Manual
33. Georges' Inspection Detail Report (George's 130)
34. Brown Prior Accident Reports (G131-132)
35. Brown Training Forms (G133-141)
36. Driver's Logs (G008-037)

      b.  Defendant objects to the introduction of plaintiff's exhibits (set forth number of an exhibit and grounds for objection):
Defendants object to exhibits 20, 21, 25, 26, 28, 33, 34, and 35 on relevance grounds.

11. **DEFENDANT'S EXHIBITS** (See instructions above).

    a. Defendant intends to introduce into evidence the exhibits listed on the attached exhibit list (list by number with a description of each): Defendants have no additional exhibits beyond those referenced in plaintiff's exhibit list.

    b. Plaintiff objects to the introduction of defendant's exhibits (set forth number of exhibit and grounds for objection):

(Copies of exhibits are to be made for opposing counsel, and a bench book of exhibits is to be delivered to the Judge at the start of trial. If counsel desires to display exhibits to the jury, sufficient copies should be available to provide each juror with a copy; alternatively, enlarged photographic or projected copies may be used).

12. **PLAINTIFF'S LEGAL ISSUES**

    1. Was Defendant George's Food LLC, through their employee Tracy Brown, negligent in regard to the subject accident that occurred on January 15, 2020?
    2. Did the defendants' negligence cause the injuries sustained by Plaintiff, Joseph Failla?
    3. What is the appropriate amount of compensation that should be awarded to Plaintiff for his injuries?

13. **DEFENDANT'S LEGAL ISSUES**
    3. Was plaintiff negligent in directing that the right lane be closed on Rte. 78 east at mile marker 1.8?
    4. Was plaintiff's negligence a cause of the injuries he sustained.

13. **CHOICE OF LAW:** (If there is any issue as to what state's law is applicable to any count of the complaint, set forth the choice of law question. This issue shall be separately briefed in accordance with an order to be entered herewith).

14. **MISCELLANEOUS** (Set forth any other matters which require action by, or should be brought to the attention of the Court).

15. **JURY TRIALS** - Not later than _____.

    A. Each side shall submit to the Judge and to opposing counsel a trial brief or memorandum in accordance with Local Civil Rule 7.2B, with citations to authorities and arguments in support of its position on all disputed issues of law. In the event a brief shall not be filed, the delinquent party's complaint or defense may be stricken.

    B. Counsel for each party shall submit to the Judge, with a copy to opposing counsel, written requests for instructions to the jury. Supplemental requests for instructions may be submitted at any time prior to argument to the jury. All requests for instructions shall

be plainly marked with the name and number of the case, shall contain citations of supporting authorities, if any, and shall designate the party submitting same. In the case of multiple requests by a party, these shall be numbered in sequence and each request shall be on a separate sheet of paper.

C. Joint proposed verdict form/special interrogatories are to be submitted to the trial judge.

D. Proposed voir dire are to be submitted to the trial judge.

16. **NON-JURY TRIALS** - Not later than                                                                 .

A. Each side shall submit to the Judge and opposing counsel a trial brief or memorandum in accordance with Local Civil Rule 7.2B with citation to authorities and arguments in support of its position on all disputed issues of law. In the event a brief shall not be filed, the delinquent party's complaint or defense may be stricken.

B. Each side shall submit to the Judge and other counsel proposed written findings of fact and conclusions of law. There is reserved to counsel the right to submit additional proposed findings of fact and conclusions of law during the course of the trial on those matters that cannot reasonably be anticipated.

**TRIAL COUNSEL** (List the names of trial counsel for all parties):

Plaintiff: Benedict P. Morelli; David Sirotkin; Alexander Morelli; Erin P. Mullen Sala.

Defendants: Paul Daly

17. **BIFURCATION** (Where appropriate, the issues relating to liability shall be severed and tried to verdict. Thereafter, all issues relating to damages will be tried).

The issues of liability and damages shall not be tried separately.

19. **ESTIMATED LENGTH OF TRIAL**

The parties anticipate that 12 days of trial will be required for this case.

AMENDMENTS TO THIS PRETRIAL ORDER WILL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED.

/s/ David T. Sirotkin

         (ATTORNEY FOR PLAINTIFF)

        /s/ Paul Daly
         (ATTORNEY FOR DEFENDANT)



        UNITED STATES MAGISTRATE JUDGE


DATED:

(EXHIBIT LIST TO FOLLOW)