**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JOSEPH FAILLA, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE'S FOODS, LLC, *et al.*, <br><br> Defendants. | Case No. 2:20-cv-07109 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are the following motions *in limine*. The first are Defendants George's Foods, LLC ("George's Foods"), George's Family Farms, LLC ("George's Farms") (together with George's Foods, the "George's Defendants"), and Tracy L. Brown's ("Brown") (collectively, "Defendants") Motions *in Limine* (ECF No. 54; Defendants' Mot. Br. (ECF No. 54-2)). Plaintiff Joseph Failla ("Plaintiff") opposed five of Defendants' Motions *in Limine* (ECF No. 54-4), and Defendants filed a reply (ECF No. 54-5). The second is Plaintiff's Motion *in Limine* No. 1. (ECF No. 55.) Defendants filed an opposition (ECF No. 55-7), and Plaintiff filed a reply (ECF No. 55-12). The third is Plaintiff's Motion *in Limine* No. 2. (ECF No. 56.) Defendants filed an opposition (ECF No. 56-7), and Plaintiff filed a reply (ECF No. 56-11). Having reviewed the parties' submissions filed in connection with the Motions and having held oral argument on October 26, 2023, for the reasons set forth below and for good cause having been shown, Defendants' Motions *in Limine* (ECF No. 54) are **GRANTED IN PART** and **DENIED IN PART**, Plaintiff's Motion *in Limine* No. 1 (ECF No. 55) is **GRANTED**, and Plaintiff's Motion *in Limine* No. 2 (ECF No. 56) is **GRANTED**.

## I. BACKGROUND[1]

### A. Factual Background

This matter concerns a motor vehicle accident. On January 15, 2020, at approximately 4:00 AM, Defendant Tracy L. Brown was operating a tractor trailer owned by George's Farms on Interstate 78, at milepost 1.8 in the Borough of Alpha, Warren County, New Jersey. (Stipulation of Facts (ECF No. 29 ¶ 1).) Brown was acting within the scope of his employment as an employee of George's Farms on the date of the subject accident. (*Id*. ¶¶ 2–3.) In the early morning of January 15, 2020, Plaintiff and his co-worker Jeffrey Stewart ("Stewart") were driving a pickup truck and an attenuator vehicle, respectively, up Interstate 78 Eastbound to take down a series of highway work zone signs. (*Id*. ¶¶ 4–7.) Plaintiff "was appropriately performing his work duties" as an employee of Traffic Safety Services. (*Id*. ¶ 4.)

Thereafter, Plaintiff and Stewart parked their vehicles in the right lane of Interstate 78. (*Id*. ¶ 8.) The attenuator vehicle was parked behind the pickup truck. (*Id*.) Brown's tractor trailer struck a sign which then struck Plaintiff. (*Id*. ¶ 11.) At the time of the accident, the attenuator vehicle had multiple traffic control devices engaged such as a large blinking left arrow board, reflective chevrons, and upper and lower amber and white strobe lights. (*Id*. ¶¶ 9–10.) Plaintiff was removed from the scene of the accident and transported to a hospital. (*Id*. ¶ 11.) Plaintiff sustained injuries including: a traumatic brain injury, skull fracture, subarachnoid hemorrhage, subdural hematoma, and multiple sternal and rib fractures. (*Id*. ¶ 12.)

---

[1] The factual and procedural background of this matter are well known to the parties. The Honorable Jessica S. Allen, U.S.M.J. entered the Final Pretrial Order on August 24, 2022 (ECF No. 29), which lists an uncontested stipulation of facts as well as contested facts. Therefore, in the interest of judicial economy, the Court only includes the facts and procedural background relevant to these Motions.

### 1.      Joseph McHugh, P.E.'s Expert Opinion

Plaintiff describes Joseph McHugh, P.E. ("McHugh"), as "an expert in civil engineering with a specialty in traffic safety." (ECF No. 29 at 4.) In his expert report, McHugh contends Plaintiff's actions "were reasonable and consistent with accepted industry standards." (Defs.' Mots. *In Lim.*, Ex. A, McHugh Report (ECF No. 54-6 at 16).) In considering factors such as an active traffic zone, size of the signs, and the traffic control devices, McHugh opines Plaintiff "performed the removal activities in the safest manner possible." (*Id.*)

### 2.      Adam Grill, C.D.S.'s Expert Opinion

Plaintiff describes Adam Grill, C.D.S. ("Grill"), as "an expert in trucking safety." (ECF No. 29 at 4.) Grill opines Brown failed to operate the tractor trailer "defensively" in conflict with industry customs and standards. (Defs.' Mots. *In Lim.*, Ex. C, Grill Report (ECF No. 54-10 at 31–33).) Grill also asserts Brown exhibited signs of distraction and/or fatigue. (*Id.* at 18.)

### 3.      Kevin Tully, B.E.'s Expert Opinion

Defendants retained Kevin Tully, B.E. ("Tully"), as "an accident reconstruction expert." (ECF No. 29 at 6.) In his expert report, Tully concludes Brown was operating his tractor trailer "in a safe and reasonable manner." (Pl.'s Mot. *In Lim.* No. 1, Ex. A, Tully Report (ECF No. 55-1 at 68).) Tully asserts "Brown's avoidance maneuver was consistent with the industry recommended practices." (*Id.*) As to Plaintiff and Stewart, Tully contends they "were not attentive to their surroundings." (*Id.* at 70.) Tully concludes Plaintiff and Stewart were the proximate cause; and the January 15, 2020 "accident occurred as a result of multiple careless actions by Joseph Failla and Jeffrey Stewart including parking in an active travel lane, failure to park along the available shoulder, failing to follow industry standards and guidelines regarding work zone set-up, and failing to make proper observations of approaching traffic." (*Id.*)

### 4.     Michael O'Dell's Expert Opinion

Defendants describe Michael O'Dell ("O'Dell") as "a Commercial Trucking Specialist." (ECF No. 29 at 6.) O'Dell opines Plaintiff and Stewart "performed an unsanctioned, unapproved, ad hoc lane closure without providing proper warning to approaching traffic." (Pl.'s Mot. *In Lim*. No. 2, Ex. A, O'Dell Report (ECF No. 56-1 at 10).) Based on his analysis, O'Dell concludes "Brown's actions were reasonable and consistent with the actions of an experienced, attentive, and safety minded truck driver." (*Id*. at 14.) O'Dell further concludes Plaintiff and Stewart "were the causes of the subject crash." (*Id*.)

### B.     Procedural History

On June 11, 2020, Plaintiff filed the Complaint, asserting a separate claim of negligence against each defendant. (ECF No. 1.) On July 14, 2020, Defendants filed an Answer to the Complaint, asserting ten separate defenses. (ECF No. 4.) The Answer did not contain an electronic signature. (*See* Clerk's Quality Control Message on 07/14/2020.) On July 15, 2020, Defendants filed an Amended Answer containing the proper electronic signature. (ECF No. 6.)

Thereafter, the parties scheduled this matter for private mediation on February 18, 2022 before the Honorable Peter E. Doyne, A.J.S.C. (ret.), but were unsuccessful. (ECF No. 22.) On March 2, 2023, Judge Allen entered an Order extending deadlines for the completion of expert discovery. (ECF No. 23.) On August 24, 2022, Judge Allen conducted the Final Pretrial Conference and entered the Final Pretrial Order. (ECF No. 29.)

Based upon the parties' request, Judge Allen conducted a settlement conference on December 6, 2022. (ECF Nos. 32, 33.) On January 27, 2023, the parties filed Motions *in Limine*. (ECF Nos. 37–39.) On February 8, 2023, the Court also conducted a settlement conference. (ECF

No. 42.) On April 26, 2023, the Court conducted a follow-up settlement conference. (ECF No. 49.) Ultimately, settlement efforts were unsuccessful.

On May 2, 2023, the Court entered an Order administratively terminating the pending Motions *in Limine*, directing the parties to refile the Motions *in Limine*, and setting forth a briefing schedule for opposition and reply briefs. (ECF No. 51.) On June 30, 2023, the parties filed complete briefing of the Motions *in Limine*.[2] (ECF Nos. 54–56.) On October 26, 2023, the Court conducted a hearing on the Motions *In Limine*, as well as a case management/settlement conference. (ECF No. 60.) This matter is scheduled for a jury trial on December 4, 2023, before the undersigned.

## II.   LEGAL STANDARD

### A.   Motion *in Limine*

District courts have "wide discretion in determining the admissibility of evidence under the Federal Rules." *U.S. v. Abel*, 469 U.S. 45, 54 (1984). "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). The Federal Rules of Evidence embody a "strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact." *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997), *as amended* (Dec. 12, 1997) (citation omitted) "The movant bears the burden

---

[2] The motions were comprehensively filed as packets with the opposition and reply included. As part of Defendants' Motions *in Limine* (ECF No. 54), Plaintiff's opposition (ECF No. 54-4) and Defendants' reply (ECF No. 54-5) were filed as attachments. As to Plaintiff's Motion *in Limine* No. 1 (ECF No. 55), Defendants' opposition (ECF No. 55-7) and Plaintiff's reply (ECF No. 55-12) were filed as attachments. As to Plaintiff's Motion *in Limine* No. 2 (ECF No. 56), Defendants' opposition (ECF No. 56-7) and Plaintiff's reply (ECF No. 56-11) were filed as attachments. Defendants also separately filed their oppositions on May 30, 2023. (ECF Nos. 52, 53.)

of demonstrating that the evidence is inadmissible on any relevant ground, and the court may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded." *Supernus Pharms., Inc. v. Ajanta Pharma Ltd.*, Civ. A. No. 21-14268, 2023 WL 4866348, at *1 (D.N.J. July 31, 2023) (quoting *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013)).

A district court's ruling on a motion *in limine* is "subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. U.S.*, 469 U.S. 38, 41–42 (1984). "A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." *Supernus Pharms.*, 2023 WL 4866348, at *2 (quoting *U.S. v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017)).

### B.      Motion to Exclude Expert Testimony

Federal Rule of Evidence 702 governs the admissibility of expert testimony. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993). The Third Circuit has held "Rule 702 embodies three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 80 (3d Cir. 2017) (quoting *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000)).

"[T]he district court acts as a gatekeeper, preventing opinion testimony that does not meet the requirements of qualification, reliability and fit from reaching the jury." *Schneider ex rel. Est. of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003) (citation omitted). Motions to exclude evidence are within a district court's discretion. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994). However, Rule 702 "has a liberal policy of admissibility." *Kannankeril*, 128

F.3d at 806 (citation omitted). "If the expert meets liberal minimum qualifications, then the level of the expert's expertise goes to credibility and weight, not admissibility." *Id*. at 809.

As to qualification, this prong of the *Daubert* analysis "refers to the requirement that the witness possess specialized expertise." *MD Retail Corp. v. Guard Ins. Grp.*, Civ. A. No. 14-6589, 2017 WL 1164499, at *5 (D.N.J. Mar. 28, 2017). The Third Circuit has "interpreted Rule 702's qualification requirement liberally." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008) (citations omitted). In the Third Circuit, "a broad range of knowledge, skills, and training qualify an expert as such." *Paoli*, 35 F.3d at 741.

As to reliability, "[u]nder the Federal Rules of Evidence, it is the role of the trial judge to act as a 'gatekeeper' to ensure that any and all expert testimony or evidence is not only relevant, but also reliable." *Kannankeril*, 128 F.3d at 806 (citing *Daubert*, 509 U.S. at 589). "[T]he reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, *et alia*." *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 155 (3d Cir. 1999). Along with "any other[ factors] that are relevant," courts consider the following factors in determining the reliability of a proposed expert's testimony:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

*Paoli*, 35 F.3d at 742 n.8 (citing *Daubert*, 509 U.S. at 591; *U.S. v. Downing*, 753 F.2d 1224 (3d Cir. 1985)); *Schneider ex rel Est. of Schneider*, 320 F.3d at 405; *McGarrigle v. Mercury Marine*, 838 F. Supp. 2d 282, 290 (D.N.J. 2011). The party offering the expert's testimony carries the

burden to establish admissibility by a preponderance of the evidence. *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 418 (3d Cir. 1999). Nonetheless, the "Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact." *Pineda*, 520 F.3d at 243 (citation omitted); *see also Kannankeril*, 128 F.3d at 806 (explaining Rule 702 "has a liberal policy of admissibility").

When an expert's testimony involves "technical knowledge," as opposed to "traditional scientific knowledge," the reliability analysis turns "not on the methodology of the expert testimony, but on the professional and personal experience of the witness." *Crowley v. Chait*, 322 F. Supp. 2d 530, 539 (D.N.J. 2004) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)). There is an abundance of caselaw establishing an expert's methodology may be supported by "personal knowledge or experience." *Kumho*, 526 U.S. at 150; *see also U.S. v. Ford*, 481 F.3d 215, 219 (3d Cir. 2007); *Floorgraphics, Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 546 F. Supp. 2d 155, 165 (D.N.J. 2008). Proffered nonscientific testimony involving technical knowledge may not be subjected to the higher standard and review of traditional scientific knowledge. *See id*.

Regarding the "fit" requirement, Rule 702 requires an "expert's scientific, technical, or other specialized knowledge . . . help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). In order to be helpful, expert testimony must be "sufficiently tied to the facts of the case [such] that it will aid the [factfinder] in resolving a factual dispute." *U.S. v. Schiff*, 602 F.3d 152, 173 (3d Cir. 2010) (quotation marks and citation omitted). On the contrary, "expert evidence which does not relate to an issue in the case is not helpful." *Ford*, 481 F.3d at 219 n.6 (quotation marks and citation omitted). The Third Circuit has noted the standard for analyzing the fit of an expert's analysis is "not that high," but "higher than bare relevance." *Paoli*, 35 F.3d at 745.

### III.   DECISION

Defendants move to exclude certain opinions, expert reports, testimony, and evidence offered by Plaintiff. (ECF No. 54; Defendants' Mot. Br. (ECF No. 54-2).) Plaintiff has filed two motions *in limine* seeking to preclude opinions and testimony proffered by two of Defendants' experts. (ECF Nos. 55-7, 56-7.) The Court addresses each in turn.

### A.   Defendants' Motions *in Limine*

Defendants move to exclude the following: testimony stating the tractor trailer struck Plaintiff (ECF No. 54-2 at 7–8); McHugh's expert report and testimony (*id*. at 8–16); Grill's expert report and testimony (*id*. at 16–23); evidence relating to the tractor trailer's lane departure warnings (*id*. at 23–24); evidence relating to Brown's prior motor vehicle accidents (*id*. at 24–25); and the "Inspection Detail Report" exhibit (*id*. at 25–27).

### 1.   Testimony Stating the Tractor Trailer Struck Plaintiff

Defendants assert that testimony stating Plaintiff's injuries were caused by Plaintiff's physical contact with the tractor trailer should be barred at trial because the probative value is substantially outweighed by the dangers of unfair prejudice and confusion. (ECF No. 54-2 at 7.) Defendants note the parties' stipulation of facts provides the tractor trailer struck a sign which then struck Plaintiff, but Plaintiff has submitted various expert reports which claim Plaintiff was "struck," "hit," or "sideswiped" by the tractor trailer. (*Id*.)

Plaintiff counters he "did not concede" that he was "not hit" by the tractor trailer. (ECF No. 54-4 at 2.) Plaintiff contends he may have been struck by both the truck and the sign. (*Id*.) Additionally, Plaintiff asserts this motion *in limine* is improper because Defendants do not cite to any record evidence which establishes the tractor trailer did not hit him. (*Id*.) Plaintiff argues the jury is entitled to use circumstantial evidence of the cause to draw their own conclusions. (*Id*.)

In reply, Defendants argue any testimony at trial which would contradict the stipulated fact that the sign struck Plaintiff is inherently barred. (ECF No. 54-5 at 3.) Defendants further assert Plaintiff's list of contested facts submitted as part of the Final Pretrial Order does not include the contention of whether the tractor trailer had physical contact with Plaintiff. (*Id*.)

"[F]actual stipulations are 'formal concessions that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'" *Christian Legal Soc. Chapter of Univ. of Cal., Hastings College of Law v. Martinez*, 561 U.S. 661, 677–78 (2010) (alteration in original) (quoting 2 K. Broun, McCormick on Evidence § 254 (6th ed. 2006)). The parties to a stipulation of facts "are entitled to have their case tried upon the assumption that facts, stipulated into the record, were established." *Id*. at 676 (alteration in original) (quoting *H. Hackfeld & Co. v. U.S.*, 197 U.S. 442, 447 (1905)). Testimony conflicting a stipulated fact may not be relied on by the trier of fact as evidence. *See Leizerowski v. Eastern Freightways, Inc.*, 514 F.2d 487, 490 (3d Cir. 1975); *see also U.S. Soo Bahk Do Moo Duk Kwan Fed'n, Inc. v. Tang Soo Karate Sch., Inc.*, No. 3:12-CV-00669, 2015 WL 4920306 (M.D. Pa. Aug. 17, 2015) ("If trial testimony contradicts the stipulation, then it is the stipulation that must be accepted as true.").

In the Final Pretrial Order, the parties stipulated to the following: "Mr. Brown's truck struck a sign which in turn struck Mr. Failla." (Stipulation of Facts (ECF No. 29 ¶ 11).) The parties further stipulated that "[a]s a result of this accident, Mr. Failla sustained injuries." (*Id.* ¶ 12.) While Plaintiff contends, he may have been struck by both the truck and the sign, the cause of the accident leading to Plaintiff's injuries has already been established by the parties' Stipulation of Facts. *See Christian Legal Soc.*, 561 U.S. at 676–78. The Court finds testimony contradicting the stipulated facts may not be relied on by the jury. *See Leizerowski*, 514 F.2d at 490. Therefore, any evidence or testimony claiming Plaintiff was "struck," "hit," or "sideswiped" by the tractor trailer is barred

at trial because it would lead to confusion and misleading of the jury. *See* Fed. R. Evid. 403. Accordingly, Defendants' Motion *in Limine* seeking to bar testimony stating the tractor trailer struck Plaintiff is **GRANTED**.

### 2.    McHugh's Expert Report and Testimony

In the second portion of Defendants' Motions *in Limine*, Defendants contend the expert report and testimony of McHugh should be barred at trial. (ECF No. 54-2 at 8–16.) Defendants argue McHugh is not qualified as an expert in traffic control zone breakdowns. (*Id*. at 8–10.) Defendants assert McHugh testified there are no standard industry customs or practices for the breakdown of a traffic control zone. (*Id*. at 9.) Defendants note McHugh did not interview the resident engineer nor review the resident engineer's safety breakdown plan. (*Id*.) Defendants also contend McHugh is not qualified as an expert in calculating the stopping speed and distance of the tractor trailer. (*Id*. at 10–11.)

Additionally, Defendants assert McHugh's testimony is neither reliable nor fit. (*Id*. at 11–16.) Defendants argue McHugh's testimony is unreliable because he failed to consider safer and more reasonable alternative methods of protection available to Plaintiff at the time of the accident. (*Id*. at 12) (citing *Pritchard v. Dow Agro Scis.*, 705 F. Supp. 2d 471, 490–91 (W.D. Pa. 2010)). Defendants further assert McHugh's conclusions—that parking the attenuator vehicle in the right lane was the safest option, that Plaintiff parked the attenuator vehicle in accordance with the resident engineer's safety plan, and that Brown did not intend to enter the center lane or stop the tractor trailer—are bare conclusions based on unsupported speculations of the witness. (*Id*. at 13–16) (citing *Worrell v. Elliot & Frantz*, 799 F. Supp. 2d 343, 349 (D.N.J. 2011)).

In opposition to this portion of Defendants' Motions *in Limine*, Plaintiff argues McHugh's opinions are relevant and admissible. (ECF No. 54-4 at 2–9.) Plaintiff asserts McHugh is qualified

to render expert opinions in this case. (*Id*. at 2–6.) Plaintiffs contend McHugh has extensive training, expertise, and experience. (*Id*. at 2.) Plaintiff counters "neither Daubert nor Rule 702 require that a witness review and compare 'similar circumstances' to qualify as an expert." (*Id*. at 5.) In response to Defendants' contention that McHugh is not qualified to calculate the stopping speed and distance, Plaintiff counters: McHugh utilized a formula provided by the Federal Motor Carrier Safety Administration; and this argument is moot because Defendants have admitted Brown failed to leave "sufficient space" between his tractor and the vehicle in front of him. (*Id*. at 5–6.) Additionally, Plaintiff argues McHugh's opinions are reliable and fit because McHugh considered the alternative of parking in the shoulder; and McHugh's opinions on Brown's actions are premised on the record evidence. (*Id*. at 6–9.)

In reply, Defendants reiterate the following arguments: McHugh is not qualified to opine on traffic control zone breakdowns (*id*. at 4–8); McHugh's conclusions are mere assumptions based on unsupported speculations (*id*. at 9–12); McHugh failed to consider reasonable alternatives (*id*. at 12–15); and McHugh is not qualified to opine on the calculation of the stopping distance (*id*. at 15–18). Additionally, Defendants counter their argument—concerning McHugh's opinions on stopping distance—is not moot because Plaintiff took their statement out of context. (*Id*. at 21.)

In its role as gatekeeper, the Court finds McHugh's expert report and testimony are admissible because they have the potential to assist the jury, *Kannankeril*, 128 F.3d at 806; and satisfy the three requirements under Rule 702, *Karlo*, 849 F.3d at 80. The Court addresses each requirement in turn.

Given that Rule 702's qualifications requirement is interpreted liberally, the Court finds McHugh has the knowledge, skills, and training necessary to qualify him as an expert to opine on traffic control zone breakdowns and calculations of the stopping speed and distance of the tractor

trailer. *Pineda*, 520 F.3d at 244. As to McHugh's opinions on traffic control zone breakdowns, the Court notes McHugh is a professional civil engineer and transportation engineering technician certified in Work Zone Safety and Maintenance and Protection of Traffic. (Pl.'s Opp'n to Defs.' Mots. In Lim., Ex. A, McHugh's Curriculum Vitae (ECF No. 54-4).) McHugh testified he has recently supervised a bridge construction zone project which included implementing and taking down an on-site detour. (ECF No. 54-7 9:8–19.)

At his deposition, McHugh asserted there are no standards promulgated by the Manual on Uniform Traffic Control Devices or the New Jersey Department of Transportation, for how to breakdown a traffic control zone because it cannot be standardized, therefore the breakdown of a traffic control zone is left to the discretion of the resident engineer. (Defs.' Mots. *In Lim*., Ex. B, McHugh Dep. (ECF No. 54-7 23:15–25:13).) However, McHugh testified traffic control devices are required. (*Id*. 32:4–33:2.) McHugh also identified industry requirements in his report. (*See generally* ECF No. 54-6.) McHugh reviewed Plaintiff's actions and deemed they "were reasonable and consistent with accepted industry standards." (ECF No. 54-6 at 16.) The Court finds Defendants' argument—that McHugh is unqualified to calculate the stopping speed and distance of the tractor trailer—is unavailing. McHugh, as a professional civil engineer and transportation engineering technician, is qualified to apply the formula promulgated by the Federal Motor Carrier Safety Administration. (ECF No. 54-7 48:13–52:10.) In considering McHugh's expert report, testimony, certifications, and professional experience, the Court finds McHugh "possess[es] [the] specialized expertise" necessary to qualify him as an expert. *MD Retail Corp.*, 2017 WL 1164499, at *5.

Further, the Court finds McHugh's expert report and proffered testimony are reliable. McHugh's conclusion that Plaintiff "performed the removal activities in the safest manner

possible," (ECF No. 54-6 at 16), is properly based on his personal knowledge of the requirements for construction work zone breakdowns and his nearly fifty (50) years of experience. *Kumho*, 526 U.S. at 150. Defendants contend McHugh's testimony is unreliable because he failed to consider alternative methods of protection (ECF No. 54-2 at 12), however, McHugh testified parking in the right lane was safer than the alternative of parking in the right shoulder (ECF No. 54-7 39:19–41:25; 46:23–47:18). Defendants' reliance on *Pritchard*, 705 F. Supp. 2d at 490–91, is misguided because that case involved medical causation opinions where the proffered expert failed to address alternative causation opinions raised. The Court finds McHugh's conclusions are properly based on his application of the record evidence and at the very least "hav[e] some potential for assisting the trier of fact." *Kannankeril*, 128 F.3d at 806. In reviewing McHugh's application of the record evidence, the Court also finds McHugh's expert report and testimony satisfy the fitness requirement because they are "sufficiently tied to the facts of the case." *Schiff*, 602 F.3d at 173.

Accordingly, the second portion of Defendants' Motions *in Limine* seeking to exclude McHugh's expert report and testimony is **DENIED**.[3]

---

[3] In its moving brief, Defendants seek to exclude McHugh's testimony and/or conclusion that Plaintiff parked the attenuator vehicle in the right lane according to the safety plan of the resident engineer, because it is a bare conclusion based on unsupported speculation. (ECF No. 54-2 at 14–15.) McHugh testified he did not review the resident engineer's breakdown plan. (ECF No. 54-7 26:15–23.) Plaintiff concedes McHugh did not review the resident engineer's breakdown plan because it was not provided in discovery. (ECF No. 54-4 at 5.) Further, at oral argument on October 26, 2023, the parties agreed the resident engineer's breakdown plan was not provided in discovery. Therefore, McHugh is barred at trial from opining Plaintiff acted in accordance with the resident engineer's plans because any testimony to that effect would be unsupported speculation. *See Worrell v. Elliott & Frantz*, 799 F. Supp. 2d 343, 349 (D.N.J. 2011).

### 3. Grill's Expert Report and Testimony

Defendants also assert Grill's expert report and testimony should be barred at trial pursuant to Federal Rule of Evidence 702. (ECF No. 54-2 at 16–23.) Defendants contend Grill's opinions and testimony related to Brown and the George's Defendants are unreliable because they are bare conclusions unsupported by methodology or application of the facts. (*Id*. at 17–23.) Defendants submit evidence the accident occurred is not inherently evidence of Brown's negligence. (*Id*. at 18–20.) Additionally, Defendants argue Grill's conclusion that Brown suffered from fatigue, alertness, and/or distraction at the time of the accident is based on unsupported speculation. (*Id*. at 20–21.) Defendants assert Grill's report does not provide evidence which establishes lane departure warnings are statistically linked to fatigue, alertness, and/or distraction. (*Id*. at 20.) Defendants note Grill's report fails to specifically explain how the George's Defendants' training and monitoring of their employees was insufficient compared to industry standards and practices. (*Id*. at 22.)

Plaintiff counters Grill's opinions are reliable therefore his report and proffered testimony are relevant and admissible. (ECF No. 54-4 at 9–14.) Plaintiff asserts Grill's opinions that Brown failed to operate the tractor trailer safely are supported by Grill's application of industry standards and regulations for commercial truck drivers. (*Id*. at 10–11.) Additionally, Plaintiff contends Grill's opinions related to Brown's fatigue, alertness, and/or distraction are properly supported. (*Id*. at 11–13.) Plaintiff further counters Grill's opinions concerning the George's Defendants are reliable and admissible because they are based on Grill's training, education, experience, and familiarity with applicable industry standards and regulations. (*Id*. at 13.)

Defendants reply by reiterating Grill's testimony and opinion related to Brown and the George's Defendants contain unsupported conclusions. (ECF No. 54-5 at 21–24.) In reliance upon

*Tameru v. W-Franklin, L.P.*, 350 F. App'x 737, 739 (3d Cir. 2009), Defendants assert "an expert's conclusion . . . cannot be supported by the mere fact that the accident occurred." (*Id*. at 22.) Defendants contend Grill fails to provide the reliable methodologies by which he substantiated his findings on Brown's alleged negligence and the George's Defendants' breach of its duty to supervise Brown. (*Id*. at 22–23.)

Here, the Court first addresses Grill's conclusion that Brown failed to operate the tractor trailer "defensively." (ECF No. 54-10 at 31–33.)[4] As Plaintiff notes, Grill applies the industry standards and regulations for commercial truck drivers then properly links the facts to his conclusion. *Heller*, 167 F.3d at 155. Grill's report describes a licensed commercial motor vehicle operator's required knowledge and skills under the Federal Motor Carrier Safety Regulations. (ECF No. 54-10 at 20–21.) Grill then applies these standards to the facts and finds Brown failed to drive consistent with industry standards. (*Id*. at 21–29.) Grill's conclusion that Brown failed to drive defensively is properly supported by Grill's technical knowledge as well as his professional and personal experience. *Crowley*, 322 F. Supp. 2d at 539; *Kumho*, 526 U.S. at 152. Grill's opinion and proffered testimony related to Brown's actions are admissible pursuant to Federal Rule of Evidence 702.

Additionally, Grill opines Brown exhibited signs of distraction and/or fatigue. (ECF No. 54-10 at 18.) Grill bases his opinion on: studies, industry standards, regulations, his personal experience, the lane departure data, and the testimony of Defendants' own safety manager, Derek Mullins ("Mullins"). (ECF No. 54-10 at 13–18.) The Court finds Grill's opinion and proffered

---

[4] The parties do not dispute Grill's qualifications or the fit of his opinions, therefore the Court focuses its inquiry on the reliability requirements under the Federal Rules of Evidence governing admissibility of expert testimony. *See Schneider ex rel. Est. of Schneider*, 320 F.3d at 404.

testimony related to Brown's distraction and/or fatigue are properly supported and admissible because they "may assist the trier of fact." *Pineda*, 520 F.3d at 243. The methodology behind Grill's conclusion is subject to challenge on cross-examination at trial. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Grill's opinion that Brown exhibited signs of distraction and/or fatigue are admissible pursuant to Federal Rule of Evidence 702.

As to the George's Defendants, Grill concludes they: breached their non-delegable duty of ensuring their drivers were safely driving; and "failed to perform a proper preventability analysis as it relates to this crash." (ECF No. 54-10 at 32–33.) However, Grill fails to provide any grounds or methodologies by which he came to the conclusion that the George's Defendants breached their duty to supervise Brown. (*See generally id*.) Plaintiff asserts the Corrective Action Notice that the George's Defendants issued to Brown indicates that the George's Defendants breached their duty (ECF No. 54-4 at 13–14), but Grill did not rely on this evidence to form his opinion. Instead, Grill provides industry standards and regulations then concludes the George's Defendants were negligent and violated these regulations because of the mere fact that an accident occurred. (See ECF No. 54-10 at 19, 29–33.) Therefore, the Court finds Grill's conclusion related to the George's Defendants' alleged negligence has insufficient support. *See Tameru*, 350 F. App'x at 739. Grill's expert report and testimony related to the George's Defendants' alleged negligence is inadmissible.

Accordingly, the third portion of Defendants' Motions *in Limine* seeking to exclude Grill's expert report and testimony is **GRANTED IN PART** and **DENIED IN PART.**

**4.      Evidence Relating to the Tractor Trailer's Lane Departure Warnings**

Defendants submit evidence relating to Brown's lane departure warnings, including the lane departure warning spreadsheet and the PowerPoint presentation on Electronic Logging Devices, is inadmissible because it is irrelevant and substantially outweighed by the dangers of unfair prejudice. (ECF No. 54-2 at 23–24.) Defendants assert Plaintiff has not presented admissible testimony establishing the lane departure warnings tend to make any fact of consequence more or less probable. (*Id*. at 23.) Defendants argue the lane departure warnings offer minimal probative value absent explanatory and established expert testimony. (*Id*. at 23–24.)

In opposition, Plaintiff asserts Grill explains in detail in his report that Brown's numerous lane departures were indicative of driver fatigue and/or distraction. (ECF No. 54-4 at 14.) Plaintiff submits Mullins acknowledged Brown had a "significant number" of lane departures leading up to the accident. (*Id*.) Additionally, Plaintiff contends Brown is a driver with a known history of distracted driving. (*Id*.)

In reply, Defendants counter evidence related to the tractor trailer's lane departure warnings should be barred because: the tractor trailer's lane departure warning data is beyond the ken of the average juror; and Grill is not qualified in data analysis or mechanical engineering. (ECF No. 54-5 at 25.) Defendants assert any opinion that the data may indicate fatigue or distraction is a bare, unsupported conclusion. (*Id*. at 26.)

"[R]elevance is not a difficult condition to satisfy under the Federal Rules of Evidence." *United States v. Paz*, 124 F. App'x 743, 746 (3d Cir. 2005). Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Plaintiff alleges Brown was negligent in driving the truck while distracted and/or fatigued. (ECF No. 1 ¶ 26.) In his expert report, Grill opines Brown's numerous lane departure warnings in the four hours preceding the accident are indicative of driver distraction and/or fatigue. (ECF No. 54-10 at 13–18.) In particular, he notes that such warnings can be classified as one of the "Effects of Distracted Driving," since it is a type of delayed reaction signaling slowed perception. (*Id.* at 16–18.) As noted above, *supra* III.A.3., the Court has found Grill's expert report and testimony regarding Brown's lane departure data are admissible. Based on Grill's proffered analysis, the Court finds evidence related to lane departure warnings impacts the probability that Brown was negligent by being distracted and/or fatigued at the time of the accident. *See* Fed. R. Evid. 401. Accordingly, the fourth portion of Defendants' Motions *in Limine* seeking to exclude evidence relating to Brown's lane departure warnings is **DENIED**.

### 5.    Evidence Relating to Brown's Prior Motor Vehicle Accidents

Defendants assert the facts and circumstances of Brown's prior motor vehicle accidents are separate and distinct from this matter. (ECF No. 54-2 at 25.) Defendants contend Brown's prior motor vehicle accidents are inadmissible because there is no expert testimony in the record which establishes a correlation between the circumstances of the other accidents and the circumstances of this accident. (*Id.*) Therefore, the probative value of the evidence is substantially outweighed by the inherent dangers of prejudice and confusion of the jury. (*Id.*)

Plaintiff counters Brown's prior motor vehicle accidents are relevant to this action because Plaintiff has claims against the George's Defendants for negligent hiring, supervision, and training of Brown. (ECF No. 54-4 at 15.) Plaintiff asserts Brown's prior accidents placed the George's Defendants on notice that Brown was an unsafe driver who required additional training and

supervision. (*Id.*) Plaintiff argues the probative value of Brown's prior accidents outweighs any prejudice to Defendants. (*Id.* at 16.)

In reply, Defendants assert Plaintiff does not claim Brown's prior motor vehicle accidents are relevant to the claim against Brown therefore that opposition is waived. (ECF No. 54-5 at 27.) Further, Defendants submit Plaintiff has failed to demonstrate how evidence relating to Brown's prior motor vehicle accidents "may establish [the George's Defendants'] notice without creating an inference that because Brown had driven distracted before that he was disposed to do so again." (*Id.* at 28–29.) In the alternative, Defendants contend the Court should: bar evidence relating to Brown's prior motor vehicle accidents pertaining to the claim against Brown; and restrict this evidence for the limited purpose of establishing the George's Defendants' notice and responsive conduct. (*Id.* at 29–30.)

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The Third Circuit employs a four-prong test to determine the admissibility of prior "bad acts" under Rule 404(b):

> (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted.

*U.S. v. Console*, 13 F.3d 641, 659 (3d Cir. 1993) (quoting *U.S. v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992). Evidence of prior bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

In the Complaint, Plaintiff alleges Brown was negligent in: "failing to keep a proper lookout," "driving carelessly," and "driving the truck while distracted." (ECF No. 1 ¶ 26.) Plaintiff also alleges the George's Defendants were negligent in failing to properly train, instruct, and supervise Brown. (*Id*. ¶¶ 30, 36.)

The Court finds evidence relating to Brown's prior motor vehicle accidents is not admissible for the purposes of proving Brown's alleged negligence on January 15, 2020. *See* Fed. R. Evid. 404(b)(1). The probative value of Brown's prior motor vehicle accidents is outweighed by its prejudicial effect. *See* Fed. R. Evid. 403. As to Plaintiff's claims of negligence against the George's Defendants, the Court finds evidence of Brown's prior motor vehicle accidents is admissible under Federal Rule of Evidence 404(b)(2) for the purposes of proving the George's Defendants had notice or knowledge that Brown may be an unsafe driver. Further, this evidence is relevant to Plaintiff's claims of negligence against the George's Defendants because notice of Brown's prior accidents makes it more or less probable that the George's Defendants failed to properly train, instruct, and/or supervise Brown. *See* Fed. R. Evid. 401. The Court will instruct the jury to consider evidence of Brown's prior accidents only for this limited purpose. *See Console*, 13 F.3d at 659.

Accordingly, the portion of Defendants' Motion *in Limine* seeking to bar evidence relating to Brown's prior accidents is **GRANTED IN PART** and **DENIED IN PART**.

### 6.    The "Inspection Detail Report" Exhibit

Defendants assert the "Inspection Detail Report" exhibit should be barred at trial because it is irrelevant. (ECF No. 54-2 at 25–26.) Defendants contend Plaintiff has not presented admissible testimony establishing the inspection report tends to make any fact in this matter more or less probable. (*Id*. at 26.) Defendants submit the "Inspection Detail Report" is at best cumulative

evidence with minimal probative value which is substantially outweighed by the dangers of prejudice to Defendants and the risk of confusing or misleading the jury. (*Id.*) Plaintiff does not oppose Defendants' motion *in limine* to bar the "Inspection Detail Report." (ECF No. 54-4 at 17 n.3.)

None of the proffered experts in this matter have relied on the "Inspection Detail Report." The Court finds the inspection report at issue is cumulative evidence which establishes the already well-known fact that an accident occurred on January 15, 2020. *See* Fed. R. Evid. 403(f). Accordingly, Defendants' unopposed Motion *in Limine* seeking to bar the "Inspection Detail Report" is **GRANTED**.

### B.     Plaintiff's Motions *in Limine*

Plaintiff has filed two motions *in limine*. (ECF Nos. 55, 56.) Plaintiff's Motion *in Limine* No.1 seeks to preclude testimony of Defendants' accident reconstruction expert. (ECF No. 55.) Plaintiff's Motion *in Limine* No. 2 seeks to preclude testimony of Defendants' trucking safety expert. (ECF No. 56.)

#### 1.     Plaintiff's Motion *in Limine* No. 1 Seeking to Preclude Tully's Testimony

Plaintiff asserts Tully should be precluded from opining on Plaintiff's training, the set up and takedown of highway construction work zones, and comparative negligence. (ECF No. 55 at 2–12.) Plaintiff contends, "Tully admittedly has no specialized knowledge, education, training, experience, skill, or certifications in highway construction, the setup and takedown of highway construction work zones, or the management of traffic in highway construction work zones." (*Id.* at 2.) Plaintiff asserts Tully is not a work zone safety expert and, therefore, he should be precluded from offering the opinions addressed by this motion *in limine*. (*Id.* at 4–5.) Plaintiff further asserts the Third Circuit has repeatedly held experts are unqualified if they do not possess the requisite

expertise of the particular issue in dispute even if they have expertise in the general subject matter. (*Id*. at 6–12.)

Additionally, Plaintiff submits Tully's opinions about Brown's actions should be precluded because they lack an evidentiary foundation. (*Id.* at 12–14.) Plaintiff also argues Tully should be precluded from opining as to the applicable law and legal conclusions. (*Id*. at 14–15.) Plaintiff contends Tully's opinions—Plaintiff violated laws, Plaintiff was the proximate cause, and Brown acted consistent with various laws—are inadmissible legal conclusions. (*Id*.) Plaintiff's last portion of Motion *in Limine* No. 1 seeks to preclude Tully's opinions which do not assist the trier of fact because they are mere recitations of evidence such as testimony. (*Id*. at 15–16.)

In opposition, Defendants counter Tully's proposed testimony satisfies the Rule 702 requirements. (ECF No. 55-7 at 4–15.) First, Defendants contend Tully is qualified. (ECF No. 55-7 at 4–6.) Defendants assert an accident reconstruction expert may offer testimony related to the cause of an accident which incorporates the design and defects of the roadway as well as work zones. (*Id*. at 6.) Based on his training and education, Defendants further assert Tully is qualified to testify as to the applicable standard of care in work zone setup, performance, and takedowns. (*Id*.) Next, Defendants submit Tully's proposed testimony is reliable. (*Id*. at 7–12.) Defendants argue Tully's opinions are supported by the record including Brown's testimony. (*Id*. at 8–10.) Defendants note Tully's opinion that Brown safely and reasonably operated the tractor trailer is properly supported by the evidence and facts. (*Id*. at 10–12.) Further, Defendants submit Tully's opinions are fit and relevant to the issue of whether Brown operated the tractor trailer in a safe and reasonable manner. (*Id*. at 12–15.)

In reply, Plaintiff reiterates Tully is not qualified to opine on Plaintiff's training, the set up and takedown of highway construction work zones, and comparative negligence. (ECF No. 55-12

at 1–4.) Plaintiff counters an accident reconstruction expert is not *ipso facto* an expert on roadway construction or construction work zones. (*Id*. at 4.) Additionally, Plaintiff reiterates that Tully's opinions about Brown's actions should be precluded because they are not grounded in expert analysis or methodology. (*Id*. at 4–6.)

In its role as gatekeeper, the Court finds Tully's testimony is inadmissible pursuant to Federal Rule of Evidence 702 because Tully is unqualified. "[W]here a proposed expert's area of experience is adjacent to, but not actually encompassing, the subject matter of his testimony, he may be deemed unqualified." *Player v. Motiva Enters. LLC*, Civ. A. No. 02-3216, 2006 WL 166452, at *5 (D.N.J. Jan. 20, 2006), *aff'd*, 240 F. App'x 513 (3d Cir. 2007). Accident reconstruction experts are permitted to testify concerning the "sequence of events immediately preceding an accident," on matters such as "vehicle mass; direction of skid marks; dimensions of vehicles involved; dents, breaks and paint transfers of vehicles; road surface textures; and physics principles of mechanics such as inertia, velocity, coefficients of friction, and operating characteristics of vehicles." *Tuato v. Brown*, 85 F. App'x 674, 677 n.3 (10th Cir. 2003).

Although the Third Circuit interprets the qualifications requirement liberally, *Pineda*, 520 F.3d at 244, the Court finds Tully is unqualified to opine on: Plaintiff's training (ECF No. 55-1 at 69); the set up and takedown of highway construction work zones (*id*. at 69–70); and comparative negligence (*id*. at 70). Defendants proffer Tully as an accident reconstruction expert, yet Tully makes conclusions that are not within his expertise. Therefore, Tully is barred at trial from opining on the aforementioned areas. *See Player*, 2006 WL 166452, at *5; *Tuato*, 85 F. App'x at 677 n.3.

Additionally, Tully concludes: Brown was operating his tractor trailer "in a safe and reasonable manner," (ECF No. 55-1 at 68); Plaintiff violated "industry guidance on work zone set up," (*id*. at 45) and the Manual on Uniform Traffic Control Devices (*id*. at 69); and Plaintiff and

Stewart were the proximate causes of the subject accident (*id.* at 70). The Court finds Tully's opinions about Brown's actions are not grounded in any expert analysis but instead are bare conclusions, *see Tameru*, 350 F. App'x at 739, which accept Brown's version of the events. Further, as noted above, Tully is not qualified to testify on the topics of construction work zone safety or comparative negligence. In any case, Tully's opinions on comparative negligence and Plaintiff's alleged violations of applicable standards opinions are inadmissible legal conclusions. "[I]t is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury." *U.S. v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991); *see also* Casper v. SMG, 389 F. Supp. 2d 618, 621 (D.N.J. 2005) (holding "[t]he rule prohibiting experts from providing their legal opinions or conclusions is so well established that it is often deemed a basic premise or assumption of evidence law") (quotation marks and citation omitted).

Defendants, as the parties offering the experts' testimony, have failed to establish admissibility of Tully's testimony by a preponderance of the evidence. *Padillas*, 186 F.3d at 418. Accordingly, Plaintiff's Motion *in Limine* No. 1 seeking to preclude Tully's testimony is **GRANTED**.

### 2.    Plaintiff's Motion *in Limine* No. 2 Seeking to Preclude O'Dell's Testimony

In support of Motion *in Limine* No. 2, Plaintiff argues O'Dell is not qualified to opine on Plaintiff's training, the setup and takedown of highway construction work zones, and comparative negligence. (ECF 56 at 1–5.) Plaintiff asserts O'Dell admitted he is unqualified to render these opinions. (*Id.* at 2–4.) Plaintiff submits O'Dell's opinions about Plaintiff's comparative negligence are inadmissible because they are "based solely on his anecdotal observations of construction zones during his drives and merely summarize and adopt fact witness testimony, said opinions are

impermissible because they are patently unfounded, unhelpful to the jury, and improperly seek to bolster the testimony of fact witnesses." (*Id*. at 4–5.)

 In opposition, Defendants argue O'Dell's proposed testimony satisfies the Rule 702 requirements. (ECF No. 56-7 at 4–8.) Defendants assert O'Dell is qualified because of his practical experience as a tractor trailer operator and safety driving advisor. (*Id*. at 4.) Defendants note O'Dell has testified to operating tractor trailers through hundreds of work zones. (*Id*.) Next, Defendants assert O'Dell's proffered testimony is reliable because it is sufficiently supported and based on the record. (*Id*. at 6.) Additionally, Defendants submit O'Dell's testimony regarding the comparative negligence of Plaintiff and Stewart is fit and relevant because it is based on his practical experiences operating tractor trailers through work zones. (*Id*. at 7–8.)

 In reply, Plaintiff reiterates O'Dell is not qualified to opine on Plaintiff's training, the set up and takedown of highway construction work zones, and Plaintiff's purported comparative negligence. (ECF No. 56-11 at 1–3.) Plaintiff counters that Defendants do not dispute O'Dell's admissions regarding his lack of qualifications. (*Id*. at 1–2.) Plaintiff submits "Defendants' contention that O'Dell is inherently qualified to opine that Mr. Failla performed his work incorrectly merely because he has driven through construction work zones is an afront [sic] to Rule 702 and the *Daubert* standard and should not be accepted." (*Id*. at 2.) Next, Plaintiff counters O'Dell's testimony is not reliable or fit. (*Id*. at 3–4.) Plaintiff contends O'Dell cannot "merely parrot" other expert witnesses' opinions. (*Id*. at 4.) Plaintiff argues O'Dell's proposed testimony about construction zones is inadmissible because it is based on personal observations that would not assist the jury. (*Id*.)

 Here, O'Dell, a commercial trucking specialist, opines Plaintiff and Stewart "were the causes of the subject crash," (*id*.), because they "performed an unsanctioned, unapproved, ad hoc

lane closure without providing proper warning to approaching traffic" (*id*. at 10). Despite these conclusions, O'Dell testified he does not have expertise in either highway construction, the setup and takedown of highway construction work zones, or traffic management. (Pl.'s Mot. In Lim. No. 2, Ex. C, O'Dell Dep. (ECF No. 56-3 12:24–13:20).) Instead, O'Dell testified: his training is in trucking safety; and he is an expert in the actions, inactions, or safety of a truck driver. (*Id*. 16:10–17:6.) O'Dell further acknowledged he only based his opinion on his "experience driving up and down highways." (*Id*. 17:25–18:25.) O'Dell admitted he solely relied on either Plaintiff's supervisor or coworker's testimony to conclude that Plaintiff "performed an unsanctioned, unapproved, ad hoc lane closure." (*Id*. 100:24–102:12.)

The testamentary evidence establishes O'Dell is not qualified to opine on the challenged opinions and testimony subject of Plaintiff's Motion *in Limine* No. 2. The Court finds O'Dell does not meet the "broad range of knowledge, skills, and training [to] qualify [as] an expert" on Plaintiff's training, the setup and takedown of highway construction work zones, and comparative negligence. *Paoli*, 35 F.3d at 741. Although O'Dell may be qualified to opine that "Brown's actions were reasonable and consistent with the actions of an experienced, attentive, and safety minded truck driver" (ECF No. 56-1 at 14), the Court finds he is not qualified to testify on the adjacent opinions and testimony that are challenged. *See Player*, 2006 WL 166452, at *5. Defendants, as the parties offering the experts' testimony, have failed to establish the admissibility of Tully's testimony by a preponderance of the evidence. *Padillas*, 186 F.3d at 418. Accordingly, Plaintiff's Motion *in Limine* No. 2 seeking to preclude O'Dell's testimony is **GRANTED**.

### IV.    CONCLUSION

For the reasons set forth above, Defendants' Motions *in Limine* (ECF No. 54) are

**GRANTED IN PART** and **DENIED IN PART**, Plaintiff's Motion *in Limine* No. 1 (ECF No. 55)

is **GRANTED**, and Plaintiff's Motion *in Limine* No. 2 (ECF No. 56) is **GRANTED**. An

appropriate order follows.


*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  November 6, 2023